1

2

3                    UNITED STATES DISTRICT COURT

4                  NORTHERN DISTRICT OF CALIFORNIA

5                         SAN JOSE DIVISION

6

7    SCOTT JOHNSON,                          Case No.  20-cv-07264-BLF

8                    Plaintiff,

9          v.                                **ORDER GRANTING IN PART
                                             MOTION FOR DEFAULT JUDGMENT**
10   SHIFEN SHAO,
                                             [Re:  ECF No. 20]
11                   Defendant.

12

13

14          In this action, Plaintiff Scott Johnson asserts claims under Title III of the Americans with

15   Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the California Unruh Civil Rights

16   Act, Cal. Civ. Code §§ 51–52 ("Unruh Act").  *See* ECF No. 1.  Johnson seeks injunctive relief,

17   statutory damages, attorneys' fees, and costs of suit.  *Id.*  Defendant Shifen Shao has failed to appear

18   in this matter.  At Johnson's request, the Clerk of Court has entered default against the Defendant.

19   *See* ECF No. 15.

20          Now before the Court is Johnson's motion for default judgment.  ECF No. 20-1 ("Mot.").

21   Johnson has provided a proof of service showing that he served the motion on the Defendant, *see*

22   ECF No. 20-13, although there is no notice requirement for either the entry of default or Johnson's

23   motion.  *See* Fed. R. Civ. P. 55(a), (b)(2).  The Court previously found this motion suitable for

24   determination without oral argument under Local Rule 7-1(b).  *See* ECF No. 21.

25          For the reasons discussed below, the Court GRANTS IN PART the motion for default

26   judgment.

27   **I.     BACKGROUND**

28          According to the Complaint, Johnson is a level C-5 quadriplegic who cannot walk and has

United States District Court
Northern District of California

significant manual dexterity impairments.  ECF No. 1 ("Compl.") ¶ 1.  He uses a wheelchair for mobility and has a specially equipped van.  *Id.*  Defendant is the alleged owner of the real property at 5043 Graves Ave in San Jose, California (the "Property") where the business Jack Tian Acupuncture operates, and she owned the Property in January and March 2020.  *Id.* ¶¶ 2–3.  Johnson allegedly went to the Property in January and March 2020 and found that Defendant failed to provide wheelchair accessible parking in conformance with ADA standards.  *Id.* ¶¶ 8, 10.  Johnson says that he intends to return to the Property but is currently deterred from doing so because he knows of the lack of wheelchair accessible parking.  *Id.* ¶ 20.  Johnson brings claims under the ADA and Unruh Act and seeks injunctive relief, statutory damages, attorneys' fees, and costs.  *Id.* ¶¶ 22–33; *id.* at 7.

## II.   LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action, who is neither a minor nor an incompetent person, and against whom a judgment for affirmative relief is sought.  Fed. R. Civ. P. 55(a).  After an entry of default, a court may, in its discretion, enter default judgment.  *Id.* R. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In deciding whether to enter default judgment, a court may consider the following factors:  (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those related to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).  When the damages claimed are not readily ascertainable from the pleadings and the record, the court may either conduct an evidentiary hearing or proceed on documentary evidence submitted by the plaintiff.  *See Johnson v. Garlic Farm Truck Ctr. LLC*, No. 20–cv–03871–BLF, 2021 WL 2457154, at *2 (N.D. Cal. Jun. 16, 2021).

## III.   DISCUSSION

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject

matter and parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  The Court discusses in turn jurisdiction, service of process, the *Eitel* factors, and Johnson's requested relief.

## A.   Jurisdiction

The Court has subject matter jurisdiction over this lawsuit.  Federal question jurisdiction exists based on Johnson's federal ADA claim, 28 U.S.C. § 1331, and the Court can exercise supplemental jurisdiction over his California Unruh Act, *id.* § 1367.  The Court also has personal jurisdiction over Defendant.  Johnson has submitted public records indicating that Defendant is a California resident.  *See* Mot., Ex. 5.  It thus appears that Defendant is subject to this Court's general jurisdiction.  *See Daimler AG v. Baumann*, 571 U.S. 117, 134 (2014).

## B.   Service of Process

When a plaintiff requests default judgment, the court must assess whether the defendant was properly served with notice of the action.  *See, e.g., Solis v. Cardiografix*, No. 12–cv–01485, 2012 WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012).  Federal Rule of Civil Procedure 4 provides that service may be effected in accordance with state law.  *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A).  Under California law, a summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served.  *See* Cal. Civ. P. Code § 415.10.  A sworn proof of service constitutes "prima facie evidence of valid service which can be overcome only by strong and convincing evidence."  *G&G Closed Cir. Events, LLC v. Macias*, No. 20–cv–02916–BLF, 2021 WL 2037955, at *2 (N.D. Cal. May 21, 2021) (quoting *Securities & Exchg. Comm'n v. Internet Solns. for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007)).

Johnson has filed a proof of service indicating that the summons and complaint were personally served on Defendant pursuant to § 415.10.  *See* ECF No. 12.  The Court therefore finds that Defendant was properly served with process.

## C.   *Eitel* Factors

The Court finds that the seven *Eitel* factors support entering a default judgment.

### a.   *Factors 1 and 4–7*

On the first *Eitel* factor, the Court finds that Johnson would be prejudiced without a default judgment against Defendant.  Unless default judgment is entered, Johnson will have no other means

1  of recourse against Defendant.  *See Ridola v. Chao*, No. 16–cv–02246–BLF, 2018 WL 2287668, at

2  *5 (N.D. Cal. May 18, 2018) (plaintiff prejudiced without default judgment because she "would

3  have no other means of recourse against Defendants for the damages caused by their conduct").

4      The fourth *Eitel* factor requires the Court to consider the sum of money at stake in relation

5  to the seriousness of Defendant's conduct.  *Love v. Griffin*, No. 18–cv–00976–JSC,

6  2018 WL 4471073, at *5 (N.D. Cal. Aug. 20, 2018).  Johnson seeks only statutory damages under

7  the Unruh Act.  While the sum requested is not insignificant, the Court finds it proportional to the

8  conduct alleged.

9      Under the fifth and sixth *Eitel* factors, the Court considers whether there is a possibility of a

10  dispute over any material fact and whether Defendant's failure to respond was the result of excusable

11  neglect.  *See Love*, 2018 WL 4471073, at *5; *Ridola*, 2018 WL 2287668, at *13.  Because Johnson

12  pleads plausible claims for violations of the ADA and the Unruh Act, and as all liability-related

13  allegations are deemed true, there is nothing before the Court that indicates a possibility of a dispute

14  as to material facts.  Moreover, there is no indication that Defendant's default was due to excusable

15  neglect.  Defendant has not appeared or responded in this action, suggesting that she has chosen not

16  to present a defense in this matter.  Accordingly, these factors weigh in favor of default judgment.

17      On the seventh and final *Eitel* factor, while the Court prefers to decide matters on the merits,

18  Defendant's failure to participate in this litigation makes that impossible.  *See Ridola*,

19  2018 WL 2287668, at *13 ("Although federal policy favors decision on the merits, Rule 55(b)(2)

20  permits entry of default judgment in situations, such as this, where a defendant refuses to litigate.").

21  Default judgment, therefore, is Johnson's only recourse.  *See United States v. Roof Guard Roofing*

22  *Co. Inc.*, No. 17–cv–02592–NC, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) ("When a

23  properly adversarial search for the truth is rendered futile, default judgment is the appropriate

24  outcome.").

25          *b.  Factors 2 and 3*

26      Under *Eitel* factors 2 and 3, the Court finds that the Complaint alleges meritorious

27  substantive claims for relief under the ADA and the Unruh Act.

28      Johnson must establish first Article III standing, which requires that he demonstrate he

suffered an injury in fact, traceable to Defendant's conduct, and redressable by a favorable court decision. *Ridola*, 2018 WL 2287668, at *5 (citing *Hubbard v. Rite Aid Corp.*, 433 F.Supp.2d 1150, 1162 (S.D. Cal. 2006)).  Johnson claims that he suffers from a disability, that he personally encountered access barriers at the Property because it lacked wheelchair-accessible parking, and that he will return to the Property once it is made accessible.  Compl. ¶¶ 10–12, 15, 20; *see Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998, 1008 (C.D. Cal. 2014) ("Demonstrating an intent to return to a non-compliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief.").  Johnson thus adequately alleged that he has standing under the ADA.

On the merits, Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  For purposes of Title III, discrimination includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable[.]" 42 U.S.C. § 12182(b)(2)(A)(iv).  To prevail on his Title III discrimination claim, Johnson must show that (1) he is disabled within the meaning of the ADA; (2) Defendant is a person that owns, leases, or operates a place of public accommodation; and (3) Johnson was denied public accommodations by Defendant because of his disability.  *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); 42 U.S.C. § 12182.  To succeed on an ADA claim based on architectural barriers, Johnson "must also prove that: (1) the existing facility presents an architectural barrier prohibited under the ADA; and (2) the removal of the barrier is readily achievable." *Ridola*, 2018 WL 2287668, at *5.

Johnson has plausibly pled an ADA claim.  First, Johnson has adequately alleged that he has a disability within the meaning of the ADA by alleging that he is a C-5 quadriplegic who cannot walk and uses a wheelchair for mobility.  Compl. ¶ 1.  Second, he has alleged that Defendant is a person who owns, leases, or operates a place of public accommodation—the Property where the business Jack Tian Acupuncture operates.  *Id.* ¶¶ 2–3, 9; *see also* 42 U.S.C. § 12181(7)(F) (listing "professional office of a health care provider, hospital, or other service establishment" as a place of public accommodation).  Third, Johnson alleges that during his visit to the Property, he personally

United States District Court
Northern District of California

encountered an access barrier:  the lack of wheelchair-accessible parking.  Compl. ¶¶ 10–15. Johnson has also alleged that removal of these barriers is "readily achievable" because they are "easily removed without much difficulty or expense" and they are an example of "the types of barriers identified by the Department of Justice as presumably readily achievable to remove."  *Id.* ¶ 19; *see also Garlic Farm Truck Ctr. LLC*, 2021 WL 2457154, at *6 (finding these allegations sufficient at default judgment stage).  If true, these facts would result in violation of the 2010 ADA Accessibility Guidelines (ADAAG), which require that at least one parking space shall comply with certain width and access aisle requirements.  *See* ADAAG §§ 208, 502; *see also id.* §§ 216.5. Accordingly, Johnson adequately alleges that Defendant violated accessibility standards, and that he was denied full and equal access because of his disability.

In sum, the Court finds that Johnson's ADA claim is adequately pled and substantively meritorious in light of Defendant's failure to respond in this action.  Because "[a]ny violation of the ADA necessarily constitutes a violation of the Unruh Act," *M.J. Cable*, 481 F.3d at 731, Johnson has also sufficiently alleged an Unruh Act claim.  Thus, the second and third *Eitel* factors also favor default judgment.

### D.    Requested Relief

The Court has found default judgment appropriate, so now it considers Johnson's request for injunctive relief, statutory damages, and attorneys' fees and costs.

#### i.    Injunctive Relief

Johnson requests an order directing Defendant to "provide wheelchair accessible parking space."  Mot. at 1.  Aggrieved individuals "may obtain injunctive relief against public accommodations with architectural barriers, including 'an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'"  *M.J. Cable*, 481 F.3d at 730 (quoting 42 U.S.C. § 12188(a)(2)).  Injunctive relief is also available under the Unruh Act. *See* Cal. Civ. Code § 52.1(h).  Injunctive relief is thus proper where Johnson establishes that "architectural barriers at the defendant's establishment violate the ADA and the removal of the barriers is readily achievable."  *Ridola*, 2018 WL 2287668, at *13 (citing *Moreno v. La Curacao*, 463 Fed.Appx. 669, 670 (9th Cir. 2011)).  For the reasons discussed above, Johnson has done so

1    here.  Accordingly, the Court grants Johnson's request for injunctive relief to bring its parking lot

2    in line with the 2010 ADAAG Standards.

3            ii.    **Statutory Damages**

4            Johnson seeks statutory damages of $4,000 each for the two instances of discrimination he

5    encountered at the Property, for a total of $8,000.  Compl. at 7; Mot. at 14.  The Court has previously

6    declined to award statutory damages for multiple visits to the same facility on a motion for default

7    judgment.  *See Garlic Farm Truck Ctr. LLC*, 2021 WL 2457154, at *8 (granting only $4,000 in

8    statutory damages because "it is unclear why [Johnson] repeatedly visited [the facility] when he

9    knew the business was in violation of the ADA" and "[b]ehavior by [Johnson] indicates that his

10   repeated visits are motivated by a desire to increase statutory damages").  For those same reasons,

11   the Court will award only $4,000 in statutory damages here.

12

13           iii.    **Attorney's Fees and Costs**

14           Johnson requests $2,315 in attorneys' fees under both the ADA and the Unruh Act for work

15   performed by five attorneys and two legal assistants.  Mot. at 14.  In support of the fees requested,

16   Johnson presents detailed billing entries attached to Russell Handy's Declaration, expert analysis of

17   fees for ADA-plaintiff attorneys by fee experts Richard Pearl and John O'Connor, and a survey

18   report pulled from the Real Rate Report.  Mot. 14–18; *see id.*, Ex. 1 ("Handy Decl."); *id.*, Exs. 6–8.

19   Further, Johnson cites case law from this district and others that have granted attorneys' fees at the

20   hourly rates Johnson is requesting.  Mot. at 16, 18–20.  The Court finds that this evidence only

21   partially substantiates Johnson's requests.

22           a.    *Legal Standard*

23           The ADA and the Unruh Act give courts the discretion to award attorneys' fees to prevailing

24   parties.  *See M.J. Cable*, 481 F.3d at 730 (citing 42 U.S.C. § 12205); Cal. Civ. Code § 52.1(i).

25   Whether calculating attorneys' fees under California or federal law, courts follow "the 'lodestar'

26   method, and the amount of that fee must be determined on the facts of each case."  *Camacho v.*

27   *Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*,

28   244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).  Under the lodestar method, the most useful starting point

United States District Court
Northern District of California

1    "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

2    rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The party seeking an award of fees should

3    submit evidence supporting the hours worked and rates claimed.  *Id*.

4         "In determining a reasonable hourly rate, the district court should be guided by the rate

5    prevailing in the community for similar work performed by attorneys of comparable skill,

6    experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir.

7    1986).  "Generally, the relevant community is the forum in which the district court sits." *Barjon v.*

8    *Dalton*, 132 F.3d 496, 500 (9th. Cir. 1997).  The fee applicant bears the burden of producing

9    evidence, other than declarations of interested counsel, that the requested rates are in line with those

10   prevailing in the community for similar services by lawyers of reasonably comparable skill,

11   experience, and reputation. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  Further, the district

12   court should exclude hours that were not reasonably expended.  *See Hensley*, 461 U.S. at 434.

13

14              b.   *Rates*

15        The Court finds that the rates Johnson seeks exceed those that have been granted in this

16   community for similar work performed by attorneys of comparable skill, experience, and reputation.

17   The relevant community for this action is the Northern District of California.  Indeed, for attorneys

18   with approximately 20 or more years of experience, courts in this district have generally approved

19   hourly rates ranging from $350 to $495 in disability cases. *See, e.g.*, *Castillo-Antonio v. Lam*,

20   No. 18–cv–04593–EDL, 2019 WL 2642469, at *7 (N.D. Cal. Apr. 10, 2019) (approving, on motion

21   for default judgment, $350 hourly rate for attorney with over 20 years of experience); *Johnson v.*

22   *Castagnola*, No. 18–cv–00583–SVK, 2019 WL 827640, at *2 (N.D. Cal. Feb. 21, 2019) (approving

23   $350 hourly rate for attorney with 20 years of litigation experience, noting that requested rate was

24   unopposed by defendant and in line with rates approved in Northern District).  Many of these cases

25   have considered the same evidence that Johnson submits here and found that it does not support the

26   rates he seeks.   *See, e.g.*, *Johnson v. Huong-Que Restaurant*, No. 21–cv–04133–BLF,

27   2022 WL 658973, at *5 (N.D. Cal. Mar. 4, 2022) (analyzing declarations of Mr. Handy, fee experts

28   Mr. Pearl and Mr. O'Connor, and the Real Rate Report and finding only lower rates justified).

United States District Court
Northern District of California

8

United States District Court
Northern District of California

1     This Court finds the analysis of those cases persuasive and will award hourly rates in line

2  with those cases.   Mr. Potter will be awarded an hourly rate of $475.   *See Huong-Que*,

3  2022 WL 658973, at *5; *Johnson v. An Khang Mi Gia*, No. 5:21–cv–01702–BLF,

4  2021 WL 5908389, at *8 (N.D. Cal. Dec. 14, 2021).   Ms. Zaman and Ms. Gutierrez, who both

5  graduated in 2015, will be awarded $250 per hour.   *See An Khang*, 2021 WL 5908389, at *8;

6  *Johnson v. AutoZone, Inc.*, No. 17–cv–02941–PJH, 2019 WL 2288111, at *7 (N.D. Cal. May 29,

7  2019); *Johnson v. 480 Geary St.*, No. 19–cv–02460–JSW, 2021 WL 5407874, at *6 (N.D. Cal.

8  Jan. 27, 2021) (awarding Ms. Gutierrez $250 per hour).

9     Johnson has also requested reimbursement of fees for legal assistants at an hourly rate of

10  $100 and for Marcus Handy at an hourly rate of $200 for "his experience as a skilled legal assistant

11  and paralegal."   *See* Handy Decl. ¶¶ 6–7.   The Court agrees with other courts in this district that an

12  hourly rate of $100 is reasonable for paralegal and legal assistant fees.   *See Lopez v. San Francisco*

13  *Unified Sch. Dist.*, 385 F. Supp. 2d 981, 992 (N.D. Cal. 2005); *Whitaker v. Joe's Jeans Inc.*,

14  No. 21–cv–00597–CRB, 2021 WL 2590155, at *5 (N.D. Cal. June 24, 2021).   The Court has

15  previously rejected a higher billing rate for Marcus Handy based on similar submissions.   *See An*

16  *Khang Mi Gia*, 2021 WL 5908389, at *9.   For the same reasons, the Court awards a $100 hourly

17  rate for Mr. Handy.

18        *c.   Hours*

19     Johnson requests fees based on 9.1 hours of work.   *See* Handy Decl. at 9–10.   This Court

20  and other courts in this district have found as much as 11 hours of work to be reasonable for similar

21  cases.   *See, e.g.*, *Ridola*, 2018 WL 2287668 at *17 (granted motion for default judgment in ADA

22  case, found 11.1 hours to be reasonable).   Johnson's billing summary shows 9.1 hours were

23  expended in this litigation:   Mr. Potter expended 0.7 hours, Ms. Zaman expended 1.6 hours, Ms.

24  Guiterrez expended 1 hour, and paralegals and staff expended 5.8 hours.   *See* Handy Decl. at 9–10.

25  Further, the Court has reviewed the itemized statement of Johnson's counsel's legal work and finds

26  no issue with the amount of time or activities that Johnson's counsel has conducted.   *See id.*   The

27  number of hours requested is thus reasonable.

28

9

d.  *Costs*

In addition, Johnson seeks service costs ($67.50), filing fees ($400), and investigation costs ($400).  *See* Mot. at 21; Handy Decl. at 10–11.  The ADA provides that the prevailing party may recover "litigation expenses[] and costs."  42 U.S.C. § 12205; *see Johnson v. VN Alliance LLC*, No. 18–cv–01372–BLF, 2019 WL 2515749, at *8 (N.D. Cal. June 18, 2019) (awarding costs, filings fees, and investigation costs).  Accordingly, the Court grants Johnson's request for $867.50 in costs.

e.  *Summary*

The Court's award of fees and costs is summarized below.

| Name | Rate Awarded | Hours Awarded | Fees/Costs Awarded |
|---|---|---|---|
| **Mark Potter** | $475 | 0.7 | $332.50 |
| **Tehniat Zaman** | $250 | 1.6 | $400 |
| **Faythe Gutierrez** | $250 | 1 | $250 |
| **Marcus Handy** | $100 | 2.4 | $240 |
| **Other Staff** | $100 | 3.4 | $340 |
| | | **Total Fees** | $1,562.50 |
| | | **Costs** | $867.50 |
| | | **TOTAL Fees & Costs** | **$2,430.00** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

1

**IV.   ORDER**

2       For the foregoing reasons, IT IS HEREBY ORDERED that:

3       • Johnson's motion for default judgment is GRANTED IN PART;

4       • Johnson is AWARDED statutory damages in the amount of $4,000;

5       • Johnson is AWARDED $2,430 in attorneys' fees and costs;

6       • Johnson is GRANTED an injunction requiring Defendant to provide wheelchair

7         accessible parking space at 5043 Graves Ave in San Jose, California in compliance

8         with the 2010 ADAAG Standards;

9       • Johnson SHALL promptly serve Defendant with this Order and file a proof of service

10        with the Court; and

11      • Plaintiff SHALL submit a proposed judgment and injunction that is consistent with

12        this order within 7 days.

13  Dated:  March 14, 2022

14

15                                          BETH LABSON FREEMAN
                                            United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28